UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERESA WAGGONER,

      Plaintiff,

v.

BATTLE CREEK, CITY OF,
TRANSIT AUTHORITY,

      Defendant.
_____/

File No. 1:12-CV-827

HON. ROBERT HOLMES BELL

**O P I N I O N**

This mater is before the Court on Defendant City of Battle Creek's[1] motions for dismissal and/or summary judgment. (Dkt. No. 8.) For the reasons that follow, the motion to dismiss will be denied, and consideration of the motion for summary judgment will be deferred.

**I.**

According to Defendant, Marcia Govier, Bernard (aka Sheldon) Williams, and Plaintiff Teresa Waggoner were all interviewed for three open Coach Operator (i.e. bus driver) positions with the City of Battle Creek. (Dkt. No. 9, Ex. 1, Werner Aff. ¶¶ 3-4.) The interview panel for all three consisted of Transit Manager Richard Werner, Human

---

[1] The case caption lists "Battle Creek, City of, Transit Authority" as the defendant. However, it is clear Plaintiff intended to sue the City of Battle Creek, and the City of Battle Creek was served and has appeared before this Court to file the present motions. As detailed in Part III.A.2, the Court will amend the caption to reflect the City of Battle Creek as the party in interest.

Resources Personnel Technician Colleen Bohn, and Transit Operations Supervisor Debra Crippen. (Werner Aff. ¶¶ 2-4; Dkt, No. 9, Ex. 4, Crippen Aff. ¶ 2; Dkt. No. 9, Ex. 7, Bohn Aff. ¶¶ 2-4.) According to Bohn, a minimum qualification score of 18 out of 30 points was needed to move forward in the application process; Plaintiff received 18.5, a passing score. (Bohn Aff. ¶ 8.) On August, 3, 2011, Plaintiff was offered employment. (*Id.*, Attach. C; Compl. ¶ 1.) Her employment began on September 6, 2011, at the same time Govier and Williams started employment. (Werner Aff. ¶ 7.)

There is a six month probationary period for new hires by the City of Battle Creek unless modified by union contract. (Dkt. No. 9, Ex. 2, Battle Creek Code of Ordinances 292.07.) The Coach Operator position has been modified by union contract, making the probationary period for that position ninety days. (Dkt. No. 9, Ex. 3, Union Agreement § 4.3.) According to the contract:

> The purpose of the probationary period is to provide an opportunity for the City to determine whether the employee has the ability and other attributes which will qualify him for regular employee status. During the probationary period, the employee shall have no seniority status and may be laid off or terminated, at the sole discretion of the City . . . .

(*Id.*)

Plaintiff alleges that she performed satisfactorily throughout her employment. (Compl. ¶ 8.) She also alleges that the operational managers repeatedly told her that they did not want to hire women as drivers. (*Id.* ¶ 9.)

Crippen was responsible for training Plaintiff, Govier, and Williams. Crippen claims that from the first day of training until Plaintiff's termination she "observed Plaintiff's work

2

performance to be poor, unsafe, and in violation of numerous City of Battle Creek Transit policies." (Crippen Aff. ¶ 5.) She claims Plaintiff frequently requested cigarette breaks, failed to pay attention to training exercises, missed several turns while driving, and went off-route. (*Id.*) On other occasions, Crippen observed Plaintiff making sound-effects of acceleration and braking while operating the buses and smoking right outside the bus door in violation of her employee manual and state law. (*Id.* ¶¶ 11, 13.) When Crippen was out on leave for a few days, Scott McKenzie took her place training. (Werner Aff. ¶ 11; Dkt. No. 9, Ex. 5, McKenzie Aff. ¶ 2.) While supervising the trainees, McKenzie observed that Plaintiff was distracted, unprofessional, almost ran a red light on one occasion, made sound effects, was out of designated uniform, asked for excessive breaks, was not attentive to traffic lights, could not remember bus routes, disregarded bus-stops, failed to make call-outs of stops, knocked the bus door open with her knee twice, and did not heed any of his corrective instructions. (McKenzie Aff. ¶ 2.) He provided Crippen with a written report of these observations on September 26, 2011. (*Id.*, Attach. A.) He also told Werner that while the other two trainees were meeting expectations and appeared qualified, Plaintiff was not qualified and appeared to be an unsafe driver. (Werner Aff. ¶ 11.)

During one of these training sessions, McKenzie alleges that he and the trainees were joking around. During this alleged period of joking, McKenzie admits that he made the comment "If we are going to let someone go, it's going to be a woman." (*Id.* ¶ 3.) He alleges that everyone laughed and knew he was kidding given the context of the conversation and the fact that there were three open spots (meaning that if all three trainees successfully

3

completed the probationary period, all three would have jobs). (*Id.*) McKenzie had no decision-making authority for firing decisions. (*Id.* ¶ 5.)

Crippen did a ride-along with Plaintiff on October 1 and saw some improvement in her driving. (*Id.* ¶ 7-8.) As a result, Plaintiff was sent out driving a bus without supervision on October 4. The bus was equipped with a video camera, and when Crippen watched the video the next day, it showed Plaintiff engaging in a twelve minute long conversation with passengers (a safety risk), making sound effects, missing stops when requested by passengers and then blaming the passengers, missing Americans with Disability Act required call-outs of upcoming stops, and stopping in a location not authorized as a bus stop. (*Id.* ¶ 15.) Werner also reviewed this video and noticed the same violations. (Werner Aff. ¶ 16.)

Consequently, Crippen recommended termination and prepared a Performance Evaluation Report on October 7 rating Plaintiff's quality of work, attitude, job knowledge, human relations skills, and supervisory ability as "unacceptable." (*Id.*, Attach. A.) Werner also believed termination was warranted. (Werner Aff. ¶ 17.) Plaintiff was terminated on October 12. (Dkt. No. 1, Ex. 1.)

Plaintiff alleges that she was terminated because of her gender. (Compl. ¶ 10.) She alleges that the statements made in Defendants' declarations are untrue. (Dkt. No. 18, Attach. 2, Waggoner Decl. 3.) She alleges that Crippen, on multiple occasions, told Plaintiff that she had wanted to hire two men instead of her; Crippen also allegedly told Plaintiff that women were "bitchy" and "cliquey". (*Id.* ¶¶ 11, 13, 17.) Plaintiff alleges that it was Govier who almost ran the red light, not her. (*Id.* ¶ 21.) She also disputes the allegations that she

4

was distracted, took excessive breaks, missed stops, missed call-outs, and made sound effects. (*Id.* ¶¶ 22-24.) Plaintiff alleges that McKenzie was far harder on her than on Govier and Williams. (*Id.* ¶ 28.) Moreover, she did not believe that McKenzie's comment about only hiring men was a joke. (*Id.* ¶ 29.) Plaintiff further notes that she smoked outside the bus door on multiple occasions when Crippen was present and was never chastised. (*Id.* ¶ 34.) Plaintiff alleges her behavior on buses was the same as every other driver. (*Id.* ¶¶ 41, 43, 45, 48, 49.)

On January 23, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). (Dkt. No. 1, Ex. 2.) The EEOC closed the case because it was unable to determine that a violation of Title VII occurred. (Dkt. No. 1, Ex. 3.)

Govier and Williams both successfully completed training. (Werner Aff. ¶ 23.) However, Williams resigned to take alternative employment. (*Id.*) Eventually a male, Kurt Koch, and a female, Holly Shattuck, were hired as Coach Operators to fill the two vacant positions. (Werner Aff. ¶¶ 24-25.)

## II.

**A. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert "failure to state a claim upon which relief can be granted" as an affirmative defense. "[T]o survive a motion to dismiss [under 12(b)(6)], the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal

5

theory." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted).  In reviewing such a motion, the Court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief."  *G.M. Eng'rs and Assoc., Inc. v. W. Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990).  As a general rule, however, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent*, 583 F.3d at 903.

According to the Supreme Court, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 545 (2007) (internal quotations omitted).  While detailed factual allegations are not required, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

Defendant's motion to dismiss rests on two grounds: (1) failure to state a claim pursuant to Rule 12(b)(6); and (2) failure to name a real party in interest.

   **1. Failure to State a Claim**

A complaint must provide "a short and plain statement of the claim showing that the

6

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendant accuses Plaintiff of filing "One-Size-Fits-All" gender discrimination counts. It contends that Plaintiff has set out generalized, conclusory claims unsupported by factual allegations. The Court disagrees. The complaint consists of more than legal conclusions and formulaic recitation of claim elements. There are factual allegations in Plaintiff's complaint, and while these may not be as detailed as Defendant would prefer, "detailed factual allegations" are not required by Rule 8. *Iqbal*, 556 U.S. at 678. The complaint alleges that Plaintiff performed satisfactorily as a bus driver but was repeatedly told by her supervisors that the City did not want to hire women as drivers. (Compl. ¶¶ 8-9.) The complaint further alleges that Plaintiff was terminated on the basis of charges that were untrue, discriminatory, and pretexts for terminating Plaintiff on account of her gender. (*Id.* ¶ 10.) Plaintiff is not required to prove her entire case in the complaint, and these factual allegations are sufficient to state a claim to relief that is plausible on its face. *See Iqbal* 556 U.S. at 678. Defendant has had fair notice of Plaintiff's claims and is not entitled to dismissal.

**2. Proper Party**

Defendant also seeks dismissal because the named defendant, "City of Battle Creek Transit Authority," is a nonexistent entity. It alleges that the "Battle Creek Transit" is a department created by the municipality and is not a real party in interest. This argument, while technically correct, does not merit the dismissal of this complaint. This Court has the power to correct a case caption to reflect the name of the proper defendant when there is no doubt whom the plaintiff intends to sue and doing so will not cause prejudice to the proper

defendant. *See Dean v. Landrum*, No. 99-6189, 2000 WL 922862 (6th Cir. 2000) (accepting the district court's reasoning that "[b]ecause the Memphis Police Department is not a legal entity susceptible to suit . . . the district court construed the allegations against the police department as brought against the City of Memphis"); *Pegross v. Wayne Cty. Jail*, No. 07-12839, 2008 WL 6722771 (E.D. Mich. May 22, 2008) (amending the case caption to substitute "Sanilac County" for "Sanilac County Jail"); *Blackburn v. Grai*, No. 08-1159, 2008 WL 5188796 (E.D. Mich. Dec. 10, 2008) (accepting and adopting the magistrate judge's recommendation that the Court amend the case caption to reflect the county as the defendant rather than the jail). In the "parties" section of the complaint, "The City of Battle Creek" is listed as the party. (Compl. ¶ 4.) The City of Battle Creek indisputably operates Battle Creek's transit system. (Dkt. No. 9, at 13-14.) Moreover, there is no evidence of prejudice to the City: the City was served and has appeared before this Court to defend this action and the City has already gathered a substantial amount of evidence which it has attached to its present motion. Thus, because the proper defendant is before this Court and has not been prejudiced by the unnecessary words "Transit Authority," the Court will order the Clerk of the Court to amend the case caption to omit those two words.

**B. Motion for Summary Judgment**

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to

8

determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, a court may defer considering the motion or deny it, allow time to obtain affidavits or to take discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d). A court may deny a Rule 56(d) request for more discovery if the requesting party "'makes only general and conclusory statements [] regarding the need for more discovery.'" *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999)). "[A] request to stay summary judgment under [Rule 56(d)] must 'set forth a plausible basis for believing that specified facts, susceptible of collection within

a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *C.B. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)). A Rule 56(d) affidavit may be rejected as insufficient if it "lacks any details or specificity." *Ball*, 385 F.3d at 720 (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989)).

Defendant has submitted significant evidence in support of its motion for summary judgment. In addition to submitting affidavits from four of Plaintiff's supervisors and/or interviewers and an affidavit from Govier, who was in training with Plaintiff, Defendant has submitted two video recordings of Plaintiff (one of Plaintiff smoking outside a bus and the other of Plaintiff driving a bus). In light of the breadth and depth of this evidence, the Court has serious doubts as to the merits of Plaintiff's case.

However, discovery has not been conducted yet, and Plaintiff's counsel has filed a declaration pursuant to Rule 56(d) showing that Plaintiff cannot present facts essential to justify her opposition to a motion for summary judgment at this time. This declaration is specific in regard to what discovery is needed and how this discovery would aid Plaintiff:

> A. Copies of any contemporaneous notes, memos, or other documents regarding any of the charges made against the plaintiff;
>
> B. Depositions of the persons who signed the affidavits to determine any bias and to elucidate particular facts regarding their ability to observe or remember the events they have described in their affidavit and to determine whether their accounts are, or are not, truthful;

   C. Copies of any videos that may be available to determine if the events alleged in fact occurred or if they occurred in other contexts without any discipline being administered;

   D. The names, addresses and phone numbers of drivers and other potential nonsupervisor witnesses so that we can interview witnesses to obtain facts regarding the discrimination or lack thereof at the Transit Authority and the cause, or lack thereof, for the discharge of the plaintiff;

   E. Copies of the assessments of the candidates for the driving positions;

   F. The titles and positions held by the various affiants and their role, if any, in any past hiring;

   G. The records of which employees were hired or rejected and by whom at Battle Creek Transit over a relevant time period to determine whether there is, or is not, a discriminatory pattern in those actions;

   H. The records of employees discharged or disciplined by Battle Creek Transit to determine whether there is, or is not, a discriminatory pattern in those actions;

   I. Copies of any and all complaints of sex or other forms of discrimination filed against Battle Creek Transit to determine if there is a pattern of discrimination;

(Dkt. No. 18, Attach. 3, Washington Decl. ¶ 9.)

As mentioned, Plaintiff has also filed a declaration disputing the statements made in Defendant's affidavits. (Waggoner Decl.) This declaration alleges numerous discriminatory remarks made by Plaintiff's supervisors. It also alleges that Plaintiff was treated more harshly for mistakes than the other trainees. Last, it alleges that many of the mistakes made by Plaintiff while driving a bus and some of her disputed behavior (such as smoking outside a bus) were common to many City bus drivers, and none of those drivers were disciplined. The Court believes that many of the conflicting statements between Plaintiff's declaration

and Defendant's affidavits can be sorted out through discovery.[2]

Consequently, while the Court remains skeptical– based on the voluminous evidence to the contrary submitted by Defendant – that Plaintiff's claims have merit, Plaintiff is entitled to conduct *some* discovery.[3] The Court will accept the Rule 56(d) declaration and defer consideration of Defendant's motion for summary judgment until after the close of discovery.

An order consistent with this opinion will be entered.


Dated: April 10, 2013                               /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE

---

[2]While discovery will clear up many of the factual disputes, the Court notes that many of the statements in Plaintiff's affidavit, even if accepted as true, cannot support a claim for gender discrimination. The allegations that Govier, a female, was treated more leniently, cannot show that Plaintiff was discriminated against on account of her gender. Moreover, Plaintiff's driving record while employed by Harper Creek Community Schools appears irrelevant, at this time, to the allegations in this case.

[3]The scope of discovery will be worked out at a Rule 16 scheduling conference. However, the Court notes that it is hesitant to allow all of the discovery requested by Plaintiff. Notably, because Plaintiff has not alleged a discriminatory pattern of practice in her complaint, broad discovery aimed at discovering such a pattern (Washington Decl. ¶ 9(G)-(I)) may not be appropriate.